TRACY L. GRANBERRY,

        Plaintiff,

        v.                       Case No. 25-CV-2061

STATE OF WISCONSIN DEPARTMENT OF
PROBATION AND PAROLE,
CAMERON SWEITZ,
KRISTIN SWANGSTU, and
NEIL THORESON,

        Defendants.

## SCREENING ORDER

Plaintiff Tracy Granberry, who is currently incarcerated at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The Court assessed an initial partial filing fee of $6.56. On March 19, 2026, Plaintiff filed a motion to delay or waive the initial partial filing fee. Dkt. No. 12. The Court finds that Plaintiff lacks the assets and means to pay an initial partial

filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b).

<h2 style="text-align:center">SCREENING OF THE COMPLAINT</h2>

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

<h3 align="center">ALLEGATIONS OF THE COMPLAINT</h3>

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all times relevant to the complaint, Plaintiff was on extended supervision. Plaintiff asserts that he asked for a venue change because his supervising agent "kept locking [him] up" after his wife called the police to complain about him. Compl. at 3, Dkt. No. 1. Plaintiff contends that his wife would call the police when he would not do what she wanted or any time he would go somewhere. Plaintiff's change of venue was granted, and he was placed with Christine Ross. Agent Ross allegedly told Plaintiff that she was "putting [Plaintiff] in prison for four to five years." *Id.* at 4. Plaintiff tried to remove Agent Ross as his supervising agent but was advised he could not change agents again. *Id.* After Plaintiff learned that his change of venue was denied, he went to the hospital. The police were called and Plaintiff went into custody. Agent Ross moved for revocation, asserting that Plaintiff hit his wife. Plaintiff's wife appeared at Plaintiff's revocation hearing to testify on his behalf but was told her testimony was not needed. Plaintiff asserts that he was sent to prison for four years for something he did not do. *Id.* at 6.

Plaintiff asserts that from 2017 to 2021, his supervising agent was Cameron Sweitz. He alleges that Agent Sweitz placed him in custody based on false allegations and charges. *Id.* at 7. Plaintiff asserts that Kristin Swangstu is the agents' supervisor and Neil Thoreson is the Regional Chief. *Id.* at 2–3. Plaintiff seeks monetary damages.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, Plaintiff names the State of Wisconsin Department of Probation and Parole as a defendant. Plaintiff cannot sue the State of Wisconsin or its agencies because the Eleventh Amendment "precludes a citizen from suing a state for money damages in federal court without the state's consent." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (citation omitted).

Plaintiff asserts that his rights were violated when he was placed on several parole holds by his supervising agents. It has long been held, however, that parole agents and their supervisors are entitled to absolute immunity from suit for engaging in activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action," including making a decision to place a parole hold on a person they are supervising. *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (citations omitted) (holding that the parole agent who placed a hold and the supervisor who authorized placing the hold were entitled to absolute immunity); *Cherry v. Husz*, No. 14-cv-1539-JPS, 2015 WL 4527978, at *4–5 (E.D. Wis. July 27, 2015) (holding that officials who ordered a probation hold were entitled to absolute immunity even though no revocation proceedings were initiated). Plaintiff's claim against his supervising agents and their supervisor is therefore legally frivolous and must be dismissed. *See Atkins v. Gilbert*, 52 F.4th 359, 361–62 (7th Cir. 2022) (explaining that claims dismissed because defendants were absolutely

4

immune from suits for damages were frivolous because "established precedent forecloses those claims").

To the extent Plaintiff asserts that his conviction is invalid, Plaintiff cannot challenge his state court conviction through an action for damages under 42 U.S.C. § 1983. "Challenges to the validity of any confinement . . . are the province of habeas corpus." *Muhammad v. Close*, 450 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Plaintiff's claims implicitly question the validity of his conviction; therefore, he "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (Dkt. No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Dkt. No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments

5

shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on April 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

6